**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Henry Enrique Montoya, Jr., | No. CV 08-1999-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Before the Court is Defendant Dora Schriro's Motion for Screening Order (Doc. #16), which requests a review of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915a. The Court will grant the motion, screen the First Amended Complaint, and dismiss the pleading with leave to amend.

## I. Background

Plaintiff Henry Enrique Montoya, Jr., who is confined in the Arizona State Prison Complex-Rincon Unit in Tucson, Arizona, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against various Arizona Department of Corrections (ADC) officials (Doc. #1). The Court granted Plaintiff's request to proceed *in forma pauperis* and screened the Complaint, which set forth 15 counts against 15 Defendants. The Court dismissed all counts and Defendants save for one claim against ADC Director Dora Schriro (Doc. #5).

Before Schriro filed a responsive pleading, Plaintiff moved for leave to file an amended complaint (Doc. #7). The Court granted the motion (Doc. #8), and Plaintiff

submitted his First Amended Complaint on May 14, 2009 (Doc. #12).[1] Shortly thereafter, Schriro moved for screening of the First Amended Complaint (Doc. #16).

## II.    Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts,

---

[1]  The First Amended Complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.1990). The Court treats the original Complaint as nonexistent. Ferdik, 963 F.2d at 1262.

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## III.    First Amended Complaint

In his First Amended Complaint, Plaintiff sets forth eight claims for relief.  He sues the following individuals in their individual and official capacities: (1) Schriro; (2) Deputy Director Charles L. Ryan; (3) Divisional Director Charles Goldsmith; (4) Captain Sigona; (5) Stacy Crabtree; (6) Corrections Officer J. Payne; (7) Deputy Warden Jeffrey Freeland; and (8) John Doe Deputy Warden (Doc. #12).  Plaintiff seeks declaratory, injunctive, and compensatory relief and costs (id. at 6-6(a)).

### A.    Count I

In Count I, Plaintiff alleges a violation of his due process rights under the Fourteenth Amendment (id. at 3).  He states that Schriro, Ryan, and Goldsmith implemented and administered a disciplinary process that denied him established procedural rights.  Plaintiff claims that time frames were not adhered to, witnesses were denied, and there was an abuse of the "some evidence" standard (id.).  He asserts that the disciplinary process as a whole violated fundamental rights and state procedural requirements and that Defendants knew or should have known that the process was unconstitutional.  He asserts that Sigona followed this allegedly unconstitutional policy.  And Plaintiff alleges that he put Schriro and Crabtree on notice that he was denied administrative review of unidentified disciplinary infractions and that he was forced to serve in excess of 85% of his sentence (id. at 3, 5(a)).

The Due Process Clause of the Fourteenth Amendment protects a prisoner from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556

(1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Id.  The minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between receipt of the written notice and the hearing; (3) a written statement by fact finders of the evidence they rely on and reasons for disciplinary action; (4) the right of the prisoner to call witnesses in his defense when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner when a prisoner is illiterate or the issues are legally complex.  Id. at 563-71.  "Some evidence" must support the decision of the hearing officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  See Sandin v. Conner, 515 U.S. 472, 484-86 (1995).

With respect to the allegations that Schriro, Ryan, and Goldsmith implemented disciplinary procedures that violated due process, Plaintiff does not allege sufficient facts to show that a protected liberty interest was infringed.  His claim in Count I is vague and conclusory and fails to state claim.  Under Iqbal, the Supreme Court held that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  129 S. Ct. at 1949 (internal citation omitted).  Rather, a complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Plaintiff's general allegation that these Defendants implemented an unlawful policy fails to meet this standard.

Plaintiff's other allegations against Schriro and against Sigona and Crabtree also fail to state a cognizable claim for relief.  Plaintiff alleges that Sigona followed Schriro's policy and that Crabtree and Schriro were put on notice that Plaintiff was denied administrative review.  These allegations, without more, are simply too vague and conclusory to state a cause of action.  Id,; Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  These allegations against Sigona, Crabtree, and Schriro will therefore be dismissed.

Plaintiff's allegations in Count I related to his disciplinary infractions and the extension of his sentence beyond 85% of his term will also be dismissed for failure to state a claim. First, these allegations are too vague to state a claim. And second, they necessarily imply the invalidity of his current sentence and are therefore barred under Heck v. Humphrey, 512 U.S. 477, 486 (1994). Under Heck,

> "[T]o recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. This bar extends to claims for declaratory relief. Edwards v. Balisok, 520 U.S. 641, 647-48 (1997); cf. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying the "favorable termination rule" in challenge to parole revocation). Thus, where success in a prisoner's action would decrease the length of his sentence, a § 1983 claim is not cognizable until the disciplinary conviction has been invalidated. That appears to be the case here. Because success on this claim under § 1983 would necessarily undermine the validity of his disciplinary proceedings, Plaintiff must seek review of the disciplinary proceedings and obtain a "favorable termination" before he may seek relief pursuant to § 1983. This claim will therefore be dismissed because it will not accrue unless or until the disciplinary proceedings are invalidated.

To challenge disciplinary proceedings that allegedly resulted in an increased sentence, a prisoner may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek relief from an administrative decision in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief, however, a prisoner must first exhaust remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not

consider a claim until petitioner has properly exhausted all available remedies). When seeking habeas relief, the burden is on the habeas petitioner to show that he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam).

To exhaust claims in state court before filing a federal habeas action, a prisoner must give the state courts a "fair opportunity" to act on his claims. O'Sullivan, 526 U.S. at 844-45. He must describe both the operative facts and the federal legal theory "so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). A prisoner seeking to exhaust claims in state court before filing a federal habeas action should diligently pursue available state remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to a habeas petition challenging a disciplinary order).

Plaintiff appears to have an available remedy in state court to exhaust his claims challenging the disciplinary proceedings. Although Arizona's Administrative Review Act does *not* authorize state judicial review of prison disciplinary proceedings, in Arizona, a prisoner may obtain judicial review of the denial of due process in a prison disciplinary proceeding, the denial of early release credits, or the denial of parole by filing a "special action" in the superior court. See Crerand v. Arizona, 859 P.2d 772, 774 (Ariz. Ct. App. 1993) (special action challenging inability to earn release credits in presentence custody); Rose v. Arizona Dep't of Corr., 804 P.2d 845, 847-50 (Ariz. Ct. App. 1991) (challenging ADC decision arising form disciplinary proceeding). If unsuccessful, the inmate must then appeal the superior court's ruling to the Arizona Court of Appeals to exhaust his claims before seeking federal habeas relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

In sum, Count I will be dismissed for failure to state a claim. In part, Count I is vague and conclusory. It otherwise fails to allege a claim that has accrued under Heck.

**B.  Count II**

Count II alleges a conspiracy to deprive Plaintiff of equal protection of the law (Doc. #12 at 4).  Plaintiff asserts that he has satisfied all the requirements for restoration of forfeited release credits and rescission of Parole Class III placement; yet, Payne and Freeland failed or refused to process his application for unknown reasons.  Plaintiff states that he served his disciplinary sanctions and demonstrated improved and exemplary behavior, which qualified him for restoration of release credits.  He claims that other prisoners receive their release credits while he is denied restoration or even review (id.).

In the absence of a specific allegation of "an agreement or meeting of the minds," a plaintiff's conclusory allegation that persons conspired against him will "not support a claim for violation of his constitutional rights under § 1983." Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff fails to state a conspiracy claim because he presents no specific facts to support his claim that Defendants entered into a conspiracy to deprive him of his constitutional rights.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988) (the mere allegation of conspiracy without factual specificity is insufficient).

Nor does Plaintiff allege facts supporting a claim under the Equal Protection Clause, which requires that similarly situated persons be treated alike.  U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Conclusory allegations do not suffice.  See Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff fails to allege facts to support that he is a member of a suspect class[2] or that

_____

[2] Inmates do not constitute suspect class.  See Webber v. Crabtree, 158 F.3d 460, 460 (9th Cir. 1998).

he has been treated differently, for intentional and arbitrary reasons, than similarly-situated individuals. His sole allegation supporting an equal protection claim is that he qualified for restoration of earned release credits, "[h]owever, while other prisoners in the [ADC] receive their statutory release credits, Plaintiff is being denied/was denied review" (Doc. #12 at 4). This allegation is vague and conclusory and fails to set forth facts that would allow the Court to infer that Payne or Freeland violated Plaintiff's rights under the Equal Protection Clause. See Iqbal, 129 S. Ct. at 1949.

And finally, as discussed above, to the extent that Plaintiff seeks restoration of forfeited release credits based on disciplinary violations, this claim will not accrue until the disciplinary sanctions are set aside under Heck. Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002). For these reasons, Count II will be dismissed for failure to state a claim.

### C. Count III

Plaintiff alleges that his due process rights were violated when Crabtree "forfeited his earned release credits" because only the ADC Director has the authority to forfeit earned release credits as a result of disciplinary proceedings (Doc. #12 at 5).

When the results of prison disciplinary proceedings implicate the deprivation of earned release credits, a prisoner's claims for due process violation are not cognizable until the result has been overturned or otherwise invalidated. See Balisok, 520 U.S. at 648 (if the judgment in favor of a plaintiff regarding denial of due process would invalidate the deprivation of good time credits, the claim is barred under Heck, unless the plaintiff can show the outcome of the proceeding has been overturned). Because Plaintiff alleges that he was deprived of earned release credits, his due process claims do not accrue unless and until his disciplinary convictions are overturned or are otherwise invalidated. Plaintiff does not allege that his disciplinary convictions have been overturned or invalidated. Thus, Count III will be dismissed for failure to state claim.

### D. Count IV

In Count IV, Plaintiff alleges violations of his due process rights (id. at 5(a)). He states that on September 5, 2007, he was issued a disciplinary ticket for possession of

unprescribed medications—a major rule violation (id. at 5(a)).  Plaintiff alleges that a few weeks later, Sigona found him guilty and imposed Parole Class III placement, a status that does not allow him to earn good-time credits (id.).  Plaintiff further alleges that 30 days of earned released credits were forfeited.  He claims that these sanctions increased his sentence and therefore required an adequate hearing (id. at 5(a)-5(b)).  Plaintiff also asserts that Defendants violated state procedural requirements for disciplinary charges.  He avers that he was denied time to prepare a defense and the ability to confront witnesses, and that the guilt finding was not supported by "some evidence" (id. at 5(b)).  He further avers that he was denied the right to file a level II appeal because the John Doe Deputy Warden at the Stiner Unit failed to respond to Plaintiff's level-I appeal (id.).

Plaintiff's allegation against Sigona is essentially the same as that set out in Count III—that the Parole Class III placement sanction deprived him of earned release credits in violation of his due process rights. Because Plaintiff fails to allege that his disciplinary conviction has been overturned or invalidated, this claim has not accrued.  Similarly, Plaintiff's allegations against the John Doe Deputy Warden concern an appeal of his disciplinary sanctions that led to the loss of earned release credits.  When the result of a prison disciplinary proceeding implicates the deprivation of earned release credits, the prisoner's claim for a due process violation is not cognizable until the result has been invalidated.  See Balisok, 520 U.S. at 648.

To the extent that Plaintiff challenges his security placement, there is no constitutional right to enjoy a particular security classification.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prisoner's reclassification and transfer decisions).  Count IV will therefore be dismissed in its entirety for failure to state a claim.

**E.    Count V**

Plaintiff asserts a violation of his due process rights stemming from August 22, 2007, when he was issued a disciplinary ticket for possession of dangerous contraband—a major rule violation (Doc. #12 at 5(c)).  Plaintiff alleges that Sigona found him guilty of this

violation and imposed sanctions, including Parole Class III placement for 60 days and the forfeiture of 43 days earned release credits. Plaintiff further alleges that he was denied administrative review of his disciplinary proceeding and was "arbitrarily precluded from attempting to invalidate his sanctions" (id.). Plaintiff claims that Sigona violated his rights by failing to adhere to state procedural and constitutional requirements governing the disciplinary procedures (id. at 5(d)).

Plaintiff again makes allegations concerning sanctions that involve the deprivation of earned release credits but does not allege that the results of disciplinary proceeding have been overturned or invalidated. See Balisok, 520 U.S. at 648. As such, his due process claim in Count V has not yet accrued. Plaintiff also repeats allegations related to his security placement, which do not implicate the Due Process Clause. See Meachum, 427 U.S. at 224-25. Count V will be dismissed for failure to state a claim.

## F. Count VI

Count VI alleges that on September 1, 2007, Plaintiff was issued a disciplinary ticket for assault—a major rule violation (Doc. #12 at 5(e)). Plaintiff states that Sigona found him guilty and imposed sanctions including 90 days Parole Class III status and the forfeiture of 75 days earned release credits. Plaintiff alleges that Sigona denied him appeal forms and thereby denied administrative review (id.). And he alleges that Sigona failed to adhere to state and constitutional requirements governing the disciplinary procedures (id.).

The allegations in Count VI are identical to the allegations in Count V except for the underlying violation and the duration of the resulting sanction. Plaintiff does not allege that the results of this disciplinary proceeding have been overturned or invalidated. See Balisok, 520 U.S. at 648. Accordingly, Count VI will be dismissed for failure to state a claim on the same grounds set forth above as to Count V.

## G. Count VII

Plaintiff asserts that on September 1, 2007, he was issued a second disciplinary ticket for assault—a major rule violation (id. at 5(f)). He alleges that Sigona found him guilty and imposed sanctions, including 15 days disciplinary detention, 90 days Parole Class III

placement, and the forfeiture of 75 days earned release credits (id.). He further alleges that he was denied administrative review and state and constitutional requirements governing the disciplinary procedures were not followed (id.). He does not allege that the results of this disciplinary proceeding have been overturned or invalidated. See Balisok, 520 U.S. at 648.

For the same reasons as Counts V and VI, Count VII will be dismissed for failure to state a claim.

### H. Count VIII

In his final claim, Plaintiff alleges that on October 20, 2007, he was issued a disciplinary ticket for possession of contraband—a major rule violation (Doc. #12 at 5(h)). He states that Sigona found him guilty and imposed sanctions including 15 days disciplinary detention, 60 days Class II status, and forfeiture of 2 days earned release credits (id.). Plaintiff asserts that he filed a level-I appeal and argued inadequate notice, denial of witnesses, timeliness objections, and inadequate evidence for a finding of guilt. Plaintiff alleges that John Doe Deputy Warden at the Stiner Unit failed to respond to his appeal. Plaintiff also alleges that unidentified "Defendant[s]" knowingly violated state procedural requirements governing the disciplinary procedures and that the procedures imposed on him were unconstitutional and violated his due process rights (id.).

Again, Plaintiff's allegations relate to placement or classification or seek restoration of forfeited early release credits due to prison disciplinary violations. As to the former, Plaintiff enjoys no constitutional right to a particular security classification or placement. See Meachum, 427 U.S. at 224-25. As to the latter, he does not allege that the results of disciplinary proceeding have been overturned or invalidated. See Balisok, 520 U.S. at 648. Plaintiff's allegations regarding unconstitutional disciplinary procedures also fail to state a claim because he does not link a named Defendant to the alleged violation. See Monell v. Dep't of Social Servs., 436 U.S. 658, 692 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Accordingly, Count VIII will be dismissed.

### IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

An amended complaint supersedes the original complaint. Ferdik, 963 F.2d at 1262; Hal Roach Studios, 896 F.2d at 1546. After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or the First Amended Complaint is waived if it is not raised in the second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.     Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Local Rule of Civil Procedure Rule 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice

to Plaintiff.

**D.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendant Schriro's Motion for Screening Order (Doc. #16) is **granted**.

(2)    The First Amended Complaint (Doc. #12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date of this Order to file a second amended complaint in compliance with this Order.

(3)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

1       (4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2 rights complaint by a prisoner.

3       DATED this 27th day of July, 2009.

David G. Campbell

_____

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , | ) |
| (Full Name of Plaintiff)    Plaintiff, | ) |
|  | ) |
| vs. | )   **CASE NO.** _____ |
|  | )       (To be supplied by the Clerk) |
| (1)_____ , | ) |
| (Full Name of Defendant) | ) |
| (2)_____ , | ) |
|  | )   **CIVIL RIGHTS COMPLAINT** |
| (3)_____ , | )        **BY A PRISONER** |
|  | ) |
| (4)_____ , | )   ☐ Original Complaint |
|       Defendant(s). | )   ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | )   ☐ Second Amended Complaint |

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

         ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____ at _____.
    (Position and Title)               (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____ at _____.
    (Position and Title)               (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____ at _____.
    (Position and Title)               (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____ at _____.
    (Position and Title)               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?　☐ Yes　　☐ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                        ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      DATE                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.