WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Henry Enrique Montoya, Jr., | ) | No. CV 08-1999-PHX-DGC (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Schriro's Motion for Screening Order (Doc. #26). Defendant filed the motion after Plaintiff filed a Second Amended Complaint (Doc. #25). On July 27, 2009, this Court screened Plaintiff's First Amended Complaint (Doc. #1) and dismissed it with leave to amend. See Doc. #23. The Court will grant the motion and screen the Second Amended Complaint.

**1. Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**2. Second Amended Complaint.**

An amended complaint supersedes its original complaint. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); King v. Atiyeh, 814 F.2d 565,

567 (9th Cir. 1987). Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d at 567. Thus, Plaintiff's Second Amended Complaint supersedes the Original Complaint he filed back in October 2008.[1]

Plaintiff alleges seven causes of action in his Second Amended Complaint. The first six are similar to claims raised in his Original Complaint and the First Amended Complaint. The seventh, however, is a new claim that names four new defendants. Plaintiff identifies a total of twelve defendants in this action.

### a. Counts One through Five

In counts one through five, Plaintiff alleges that the prison official who presided over his disciplinary violation hearings violated his right to due process under the Fourteenth Amendment. Plaintiff contends that for each of five violation hearings, Defendant Captain Sigona denied him an opportunity to call witnesses, read witness statements, and present a defense, among other things. Plaintiff further alleges that Sigona found him guilty of the infractions based solely on officers' written reports, and failed to satisfy the evidentiary standard for guilt. Plaintiff also alleges that in one instance he was denied the right to appear at a hearing.

Plaintiff claims that as a result of these unconstitutional hearings, he was required to forfeit earned release credits, among other penalties. Plaintiff seeks compensatory and punitive damages, declaratory relief, payment of costs and the restoration of his earned release credits.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner's claim for damages is not cognizable in a civil rights action if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Applying Heck, the Court in Edwards v. Balisok, 520 U.S. 641, 648 (1997), held that a prisoner's claim for declaratory relief and damages based

---

[1] As noted above, the First Amended Complaint was dismissed.

on constitutional violations in a prison disciplinary proceeding that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983. Such a claim is barred unless the plaintiff can show that the disciplinary conviction has been overturned. See Edwards v. Balisok, 520 U.S. 641, 648, (1997). Moreover, where a prisoner seeks restoration of good-time credits, the sole method in federal court for obtaining such relief is a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, Plaintiff's claims for damages and declaratory relief in counts one through five are barred by Balisok. Plaintiff's alleged constitutional violations would necessarily imply the invalidity of the disciplinary convictions and the corresponding forfeiture of earned release credits. Because Plaintiff has not shown that the disciplinary convictions were overturned, he cannot proceed with these claims in a § 1983 action. In addition, the claims must be dismissed because Plaintiff seeks restoration of his earned release credits as a remedy. Such relief may only be obtained through a petition for writ of habeas corpus, not a civil rights action. Accordingly, counts one through five will be dismissed for failure to state a cognizable claim.

**b.    Count Six**

Plaintiff alleges in count six that Defendants Schriro, Ryan and Goldsmith implemented and administered the unconstitutional disciplinary process described in counts one through five. He contends that they administered a disciplinary process that prohibited him from confronting adverse witnesses and calling his own witnesses, that failed to adhere to the proper evidentiary standard, and that failed to require written findings by the fact-finders.

Plaintiff's claim in count six will be dismissed for the same reasons as the claims in counts one through five. Plaintiff ties the actions of the three defendants in this claim to the disciplinary violations referenced in the previous counts. The constitutional violations alleged would necessarily imply the invalidity of Plaintiff's disciplinary violations. Having failed to show that the disciplinary convictions have been overturned, Plaintiff's claim is barred by Balisok. Moreover, as with the previous counts, Plaintiff may not obtain

restoration of forfeited earned release credits in a civil rights action. Counts six will therefore be dismissed.

### c. Count Seven

Plaintiff alleges in count seven that correctional officers used excessive force against him in violation of the Eighth Amendment. Plaintiff alleges that on September 1, 2007, after being strip-searched, Defendants Montgomery and Allen sprayed him with dangerous chemical agents while he was naked. Plaintiff contends that he posed no threat to the officers when they sprayed him. He alleges that, while still naked, he was handcuffed and placed on a gurney to receive medical attention. Plaintiff claims he was in excruciating pain from the chemicals and felt like he was on fire. Plaintiff alleges that after being forced to lie on the gurney for 30 minutes, Defendant Austin ordered Montgomery and Allen to "decontaminate" Plaintiff by placing him under extremely hot water. Plaintiff claims he was screaming that he was on fire during the 10 or 15 minutes he was forced to remain under the hot water. He alleges that he was then placed back on the vinyl gurney, face-down, for approximately three hours. He claims that during this period, he repeatedly told Defendants Montgomery, Allen, Austin and Cofield that he felt burning pains. He states that Cofield and Austin would order Montgomery and Allen to push him back down on the gurney whenever Plaintiff would move to alleviate the pain. Plaintiff further alleges that an unknown nurse administered an anti-psychotic injection because he was violently crying, screaming and yelling because of the pain. He claims the nurse also threatened him with mace and later gave him a second injection. For this claim, Plaintiff seeks compensatory and punitive damages.

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prison inmates. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986). In analyzing an excessive force claim, the question of whether the conduct involved an unnecessary and wanton infliction of pain depends on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley). Relevant to that determination are factors such as the need for the application of force, the

- 4 -

1 | relationship between the need for force and the amount used, and the extent of any resulting injury. Whitley, 475 U.S. at 321. Although the harm to a plaintiff need not rise to the level of a significant injury to establish an excessive force claim, the level of physical force used must be more than *de minimis*. See McMillian, 503 U.S. at 9.

Plaintiff's allegations state a claim for excessive force in violation of the Eighth Amendment against Defendants Montgomery, Allen, Austin and Cofield. The Court will require those defendants to answer the claim. The allegations fail to state a claim against the nurse Plaintiff identifies as Jane Doe.

**3. Dismissal of Defendants**

Because no claims remain against them, eight of the twelve named defendants will be dismissed from this action: Defendants Dora Schrio, Charles Ryan, Charles Goldsmith, Captain Sigona, John Doe/Deputy Warden, Jane Doe/Medical Staff Nurse, John Doe/Correctional Officer and Jane Doe/Correctional Officer.

**4. Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**5. Address Changes**

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**6. Copies**

Plaintiff must serve Defendants, or counsel if appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must included a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an

1 | additional copy of every filing for use by the Court.  See LRCiv. 5.4.  Failure to comply may
2 | result in the filing being stricken without further notice to Plaintiff.

**7.     No Further Amendments.**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading "once as a matter of course at any time before a responsive pleading is served...." Because Plaintiff has now filed two amended complaints, he may not file another amended complaint without first seeking leave from the Court.

**IT IS THEREFORE ORDERED:**

(1) That Defendant Schriro's Motion for Screening Order (Doc. #26) is **granted**;

(2) That Counts 1, 2, 3, 4, 5 and 6 of the Second Amended Complaint are **dismissed** for failure to state a claim;

(3) That Defendants Dora Schrio, Charles Ryan, Charles Goldsmith, Captain Sigona, John Doe/Deputy Warden, Jane Doe/Medical Staff Nurse, John Doe/Correctional Officer and Jane Doe/Correctional Officer are **dismissed** from this action;

(4) That Defendants Montgomery, Allen, Austin and Cofield must answer Plaintiff's claim in count 7 of the Second Amended Complaint.

(5) That the Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Montgomery, Allen, Austin and Cofield;

(6) That Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date this order is filed.  The United State Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(7) That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and Second Amended Complaint on Defendants Montgomery, Allen, Austin and Cofield within 120 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(8) That the United States Marshal shall retain the summons, a copy of the Second Amended Complaint and a copy of this Order for future use;

(9) That the United States Marshal shall notify Defendants Montgomery, Allen, Austin and Cofield of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshall shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the summons, Second Amended Complaint and this Order upon Defendants Montgomery, Allen, Austin and Cofield pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(7) **That a Defendant who agrees to waive service of the summons and Second Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff**;

(8) That Defendants Montgomery, Allen, Austin and Cofield shall answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(9) That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike an answer or responsive pleading that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(10) That this matter is again referred to Magistrate Judge Edward C. Voss pursuant to Local Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 2nd day of February, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge